**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 26 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

THEODORE WILLIS FLOWERS, Jr.,

Defendant-Appellant.

No. 01-6024

W.D. Oklahoma

(D.C. No. CIV-00-380-A)

---

**ORDER AND JUDGMENT** *

---

Before **HENRY** , **BRISCOE** , and **MURPHY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously to honor the appellant's request for a decision on the briefs without oral argument.   See Fed. R. App. P. 34 (f).  The case is therefore submitted without oral argument.

Mr. Flowers, a federal prisoner proceeding pro se, requests a certificate of appealability ("COA") to appeal the denial of his 28 U.S.C. § 2255 habeas and

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

seeks to proceed on appeal in forma pauperis. For the reason stated below, we deny a COA and dismiss the appeal.

In 1996, Mr. Flowers pleaded guilty to one count of maintaining a place for the purpose of distributing cocaine base in violation of 21 U.S.C. § 856(a)(1). He was sentenced to 240 months of imprisonment, three years of supervised release, and a special assessment of $50.00. On appeal, we affirmed the conviction and sentence. See United States v. Flowers, No. 97-6044, 1999 WL 88957 (10th Cir. Feb. 23, 1999).

In his habeas petition, Mr. Flowers contends that he was (1) denied effective assistance of counsel at sentencing and on appeal and (2) that his plea was involuntary. The district court, after noting that both claims were procedurally barred because they were not raised on direct appeal, examined both claims and concluded that they failed on the merits. This appeal followed.

We construe Mr. Flowers's allegations liberally, pursuant to Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam). To be entitled to a COA, Mr. Flowers must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He may make this showing by demonstrating that the issues he raises are debatable among jurists, that a court could resolve the issues differently, or that the questions presented deserve further proceedings. See Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

The district court first determined that Mr. Flowers' ineffective assistance claim was procedurally barred. We note that in United States v. Galloway, 56 F.3d 1239, 1242-43 (10th Cir. 1995), we held that "claims of constitutionally ineffective counsel should be brought on collateral review, in the first petition filed under 28 U.S.C. § 2255" and that "[n]o procedural bar will apply to claims which could have been brought on direct appeal; but were brought in post-conviction proceedings instead." We disagree with the district court's conclusions regarding the procedural bar of this claim.

The district court subsequently examined the merits of Mr. Flowers' ineffective assistance claim. The district court determined that Mr. Flowers could not demonstrate that "'there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Rec. doc. 3 at 2 (district court order filed June 27, 2000) (quoting Strickland v. Washington, 466 U.S. 668, 687 (1984)). We agree with the district court's assessment of the merits of this claim.

We have received Mr. Flowers's request for a COA , his appellate brief, the district court's order, the transcript of the sentencing proceedings held in the district court, the plea agreement, and the entire appellate record and conclude that Mr. Flowers has failed to make the required showing for a COA.

Accordingly, with the exception noted above, for substantially the same reasons set forth in the district court's June 27, 2000 order, we GRANT Mr. Flowers's request to proceed in forma pauperis, DENY his request for a COA, and DISMISS this appeal.

Entered for the Court,


Robert H. Henry
Circuit Judge